STATE *v.* ABBOTT & a.

STATE *v.* BYRUM & a.

An indictment alleging an intent to break open the jail to set free S. C. imprisoned there, so that he might escape, contains a sufficient allegation of an intent to aid in his escape.

Breaking and entering a dwelling-house in the night, with an intent to aid in the escape of a prisoner committed for a crime punishable with confinement to hard labor for a term of years, is a crime described in Rev. Stat., chap. 215, sec. 6.

INDICTMENT alleging that on the 2d day of November 1843, one Samuel R. Chase was confined as a prisoner in the county jail in Lancaster, for a crime punishable by confinement to hard labor for a term of years in the State Prison.

The warrant of committal set out in the indictment shows, that he was arrested upon the complaint of John S. Wells, Solicitor for the county, for having in his possession on the 10th day of March 1843 three hundred false and forged counterfeit coin, made and forged in imitation of good and legal silver coin called Mexican dollars, current within the State, &c., with intent to utter, pass, and tender, the same as true, he the said Chase then and there well knowing the same to be ·false, &c. That Chase was by virtue of a warrant issued upon the complaint, brought before a justice of the peace, and having heard the same read said he was guilty of the offence charged, and it was thereupon ordered that he recognize in the sum of eight hundred dollars to appear at the court of common pleas at Lancaster on the first Tuesday of May then next, which order he neglected to perform. The warrant then directed that he be committed to jail, &c.

By the return upon the mittimus, which was also set out, it appeared that the officer on the 29th day of March 1843 arrested the body of Chase and committed him to

State *v.* Abbott.

George W. Ingersol at the jail, and that he being then the jailer under George W. Meserve the sheriff of the county of Coös, then and there received the said Chase into the jail according to the warrant.

The indictment then found that the defendants on the second day of November 1843, at two o'clock in the night, the dwelling-house of George W. Ingersol commonly called the jail house, feloniously and burglariously did break and enter, with intent to break open the said county jail, and to set free the said Chase so therein confined, so that he might escape therefrom, contrary to the form of the statute, &c.

To this indictment the defendants demurred generally, and the questions arising were transferred to this court.

*Fletcher*, with whom were *Bellows* and *Young*, for Abbott. No legal crime is alleged. Cowp. 682; Bac. Ab. 101, 113; Archb. 5, 15, 16, 17, 22; 4 Com. Dig. 662; 3 Salk. 191. Offence must be brought within all the words of the statute. 2 Hale's P. C. 171; M'Nally 494; Rev. Stat., chap. 217, sec. 12. Burglary is technically charged and must be proved. The word importing that crime can not be rejected as surplusage. It was not burglary, because the crime imputed was not punishable with death or imprisonment in the State Prison.

The indictment is defective in not setting forth the means employed. *Rex* v. *Murray*, 2 Strange 1127; 2 T. R. 581; 4 Bur. 2471; 7 Verm. 222; 17 Maine 211; 2 M. & S. 379; Ch. Cr. Law 276, 281; Leach 487; 2 East's Pl. Cr. 837; 8 Verm. 424.

*Wells*, Solicitor, for the State.

GILCHRIST, J. The question in this case is, whether the indictment for burglary is a good one. It alleges that on the second day of November 1843, Samuel R. Chase being confined as a prisoner in the county jail in Lancaster,

State *v.* Abbott.

upon a complaint against him for an offence punishable by confinement to hard labor in the State Prison for a term of years, the defendants with force and arms in the night time of the second of November, feloniously and burglariously broke and entered the dwelling-house of Ingersol, with intent the county jail to break open, and to set free the said Chase therein confined, so that he might escape therefrom, contrary to the form of the statute, &c.

Does this amount to a description of the crime of burglary as defined by the statute? By Rev. Stat., chap. 215, sec. 6, "If any person shall in the night time break and enter any dwelling-house with intent to commit any other crime, the punishment whereof may be confinement to hard labor, or to commit any larceny, he shall be punished" by solitary imprisonment and confinement to hard labor for the terms therein specified.

By Rev. Stat., chap. 217, sec. 12, "If any person shall aid in any manner in the escape of any prisoner committed before or after conviction to any place of confinement, for any criminal offence not capital, he shall be liable to the same punishment to which such prisoner was or would have been liable, or to imprisonment in the common jail," &c.

Chase's punishment if convicted would have been confinement to hard labor in the State Prison. Rev. Stat., chap. 216, sec. 9. Any one aiding in any manner in his escape, might be punished likewise by confinement in the State Prison to hard labor.

If therefore any one enters a dwelling-house in the night with the intent to aid in such escape, he enters with the intent to commit a crime punishable by confinement to hard labor, which is the crime described in chap. 215, sec. 6, before cited.

This indictment alleges that the defendants broke and entered the dwelling-house of Ingersol in the night, with

an intent to break open the county jail, and to set Chase free so that he might escape. This seems to be a sufficient allegation of an intent to aid in his escape.

The conclusion is that the indictment is well.

*Demurrer overruled.*